IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDSEY CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 12-CV-2477 JAR/JPO |
| ) | |
| GRADIENT FINANCIAL GROUP, LLC; ) | |
| GRADIENT INSURANCE BROKERAGE, INC.; ) | |
| APRILLY OBERKROM; and KENT SCHOEN, ) | |
| ) | |
| Defendants. ) | |

## **STIPULATED PROTECTIVE ORDER**

In accordance with Fed. R. Civ. P. 26(c), the parties have conferred in good faith and have stipulated and agreed to a Protective Order as follows. Upon joint request of the parties and for good cause shown, the Court enters the following Protective Order:

1. Facts Establishing Good Cause: Plaintiff brought the above-captioned lawsuit (the "Litigation") asserting Title VII and FMLA claims for alleged sex discrimination and violation of the FMLA arising from Plaintiff's employment and termination. Due to the nature of Plaintiff's allegations, it is anticipated that certain sensitive information may be requested throughout discovery that the parties wish to protect from disclosure and use outside of the Litigation, including but not limited to the parties' employment and personnel files, confidential and proprietary information, alleged trade secrets, current and past business activities, as well as financial information about the parties and perhaps others, and information regarding the parties' or other parties' practices, policies, and procedures (hereafter, "Confidential Information"). Much of this Confidential Information is subject to agreements regarding the non-disclosure of such Confidential Information that were entered into between the parties and other third parties before the initiation of the Litigation.

2. The parties recognize that the public disclosure or unauthorized use of such Confidential Information may cause injury to a party or third person, and the release of Confidential Information may affect the privacy of persons or entities who are not parties to this Litigation. This Order protects the parties to this Litigation, prohibits the public release of Confidential Information, and prohibits the unauthorized use of the Confidential Information by any party for any reason besides the Litigation, while allowing the parties access to information each seeks to discover and minimizing any potential harmful effects on either the parties or non-parties. The Court finds that the parties seek to protect such Confidential Information as well as to protect all parties and non-parties from any annoyance or embarrassment that unrestricted disclosure or unauthorized use may potentially cause.

3. All documents and other information provided or produced that are identified in Paragraph 1 above shall be treated as confidential if stamped as such. If material designated as confidential is used at a deposition, counsel for the party using such material must provide the witness with a copy of this Order, unless the parties agree otherwise. A party may, at the time of a deposition, designate all or part of the testimony as confidential if it reveals the content of documents identified in Paragraph 1 above, in which case the other party shall treat the testimony as such for a period of ten (10) days after receipt of the transcript. Within ten (10) days of the receipt of the deposition transcript, the designating party shall identify the deposition testimony that is to be treated as confidential by stamping only such pages of the transcript as are to be treated as Confidential Information and serving the designated transcript on all parties. Pages not so stamped and served will not be treated as confidential. If either party objects to a confidential designation, the matter shall be resolved by counsel or submitted to the Court for decision.

4. Persons having knowledge of confidential documents and information by virtue of their participation in the conduct of the Litigation shall use them for that purpose only and shall not disclose such confidential documents, their contents or any portion or summary thereof to any person or persons other than the parties described in Paragraph 5, below.

5. Except upon order of the Court or with the producing party's prior written consent, documents and information designated as confidential, and all copies, summaries, excerpts, abstracts, or notes thereof shall not be disclosed or distributed by the other party, their counsel, or any other person receiving, viewing, or hearing the same (except the Producing Party and its counsel) to any person other than the following:

(a) the Court and its officers;

(b) the trier of fact;

(c) court reporters;

(d) party deponents (including agents, employees and representatives of parties);

(e) a non-party witness or potential non-party witness to whom Confidential Information is disclosed in the course, or in preparation, of the witness' or potential witness' testimony; or

(f) personnel with a third party commercial copy service to whom documents are provided solely for purposes of duplicating same; or

(g) legal counsel and their staff.

6. A person given access to Confidential Information under the terms of Paragraph 5(e) or (f) of this Order shall not be granted access thereto until such person has agreed to be bound by the terms of this Stipulated Protective Order and has signed an

acknowledgment in the form attached hereto as "Exhibit A." Executed copies of "Exhibit A" shall be maintained by counsel for the party disclosing the Confidential Information to the persons permitted in Paragraph 5 of this Order. Production of any such Exhibits will be made only upon proper legal showing of entitlement to such information (including legal briefing for the Court if necessary).

7. This Stipulation and Order, insofar as it restricts the communication and use of confidential documents and information, shall continue to be binding throughout the duration of the Litigation and shall remain in effect indefinitely after final disposition of the Litigation.

8. The Court's jurisdiction to enforce the provisions of this Protective Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Protective Order.

9. Any party to this Litigation or any interested member of the public may challenge the secreting of particular documents under this Order by application to the Court. No party is obligated to challenge the propriety of a confidential designation, and a failure to do so will not preclude a subsequent attack on the propriety of such designation.

10. Upon termination of this action and upon request by the supplying party, each party within thirty (30) days will assemble and return to the supplying party, with the cost of shipping borne by the supplying party, all documents designated as Confidential Information. Alternatively, the receiving party may also destroy all such materials within thirty (30) days of the termination of this action and certify to the supplying party that he or she has done so.

11. All terms of this Protective Order shall apply to documents and information produced or disclosed by third parties who produce or disclose discoverable

materials in this Litigation, provided one or more party requests such material be designated as confidential.

12.  If any person receiving documents covered by this Order (a) is subpoenaed in another action, (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this lawsuit, seeking discovery material that was produced or designated as confidential by someone other than the receiving party, the receiving party must promptly notify the supplying party of receipt of such subpoena, demand or legal process, and will decline to produce such material unless otherwise ordered by a court of competent jurisdiction. Should the person seeking access to the Confidential Information take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party will respond by setting forth the existence of this Order and, other than providing notice pursuant to the previous sentence, will be under no further obligation to preserve the confidentiality of any such documents in connection with such subpoena, demand, or legal process. Nothing here may be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any other requiring production of Confidential Information covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

13.  When filing pleadings with the Court, the parties will take reasonable care to avoid disclosure of the underlying sensitive information which the "Confidential" designation seeks to protect however, in the event there is not a reasonable method of doing so (i.e. redaction, using initials), the party will seek an appropriate Order to file such Confidential Information under Seal, pursuant to the Local Rules of the District of Kansas.

14. Inadvertent production of documents subject to work-product, attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, upon discovery of such inadvertent production, promptly notify the receiving party, in writing, of such inadvertent production. In the event of such an inadvertent production, if the receiving party disputes the privileged nature or required return of the material, the parties shall confer in good faith to resolve the dispute. If the dispute cannot be resolved, the party seeking return of the alleged privileged material shall file an appropriate motion seeking their return with the Court within fourteen (14) days of notifying the receiving party of the inadvertent production. Failure to file such a motion shall constitute a waiver of privilege.

IT IS SO ORDERED THIS 15th DAY OF February, 2013.

/s/ James P. O'Hara  
United States Magistrate Judge  
James P. O'Hara

APPROVED AS TO FORM AND CONTENT:


/s/Patrick G. Reavy
Patrick G. Reavey
Kevin C. Koc
Reavy Law LLC
Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, MO 64102
TEL: 816-474-6300
FAX: 816-474-6302
patrick@reaveylaw.com
kkoc@reaveylaw.com
ATTORNEYS FOR PLAINTIFF


/s/ Thomas G. Lemon
Thomas G. Lemon - KS-16120
Vincent M. Cox - KS-22051
Cavanaugh & Lemon, P.A.
2942A S.W. Wanamaker Drive
Suite 100
Topeka, Kansas 66614-4135
TEL: 785/440-4000
FAX: 785/440-3900
tlemon@cavlem.com
vcox@cavlem.com
ATTORNEYS FOR DEFENDANTS

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LINDSEY CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 12-CV-2477 JAR/JPO |
| | ) | |
| GRADIENT FINANCIAL GROUP, LLC; | ) | |
| GRADIENT INSURANCE BROKERAGE, INC.; | ) | |
| APRILLY OBERKROM; and KENT SCHOEN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

## **ACKNOWLEDGMENT**

The undersigned acknowledges that (s)he has read the Stipulated Protective Order entered in this action by the United States District Court for the District of Kansas, on _____, 2013, that (s)he understands its terms, and that (s)he agreed to be bound by that Order. The undersigned further understands the Confidential Information as specified in the Stipulated Protective Order and any copies that I may make thereof, and any notes or other records that contain such Confidential Information, shall not be disclosed to others, except with respect to those persons designated in Paragraph 5 of the Stipulated Protective Order.

Name: _____    Dated: _____