IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LINDSEY CARROLL, )
)
Plaintiff, )
)
)
vs. ) Case No. 12-cv-2477-JAR-JPO
)
GRADIENT FINANCIAL GROUP, )
LLC, et al., )
)
Defendants. )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration or an Alternative Motion for Leave to Amend (Doc. 56), asking the court to reconsider its order on July 2, 2013 dismissing Plaintiff's Title VII pregnancy discrimination claim. The motion is fully briefed, and the Court is prepared to rule. As described more fully below, Plaintiff's Motion for Reconsideration or in the Alternative Motion for Leave to Amend is granted.

**I.   Background**

In her First Amended Complaint, Plaintiff Lindsey Carroll alleged employment discrimination and retaliation claims against her former employers, Defendants Gradient Financial Group, LLC, Gradient Insurance Brokerage, Inc., Aprilly Oberkrom, and Kent Schoen, surrounding her termination. On July 2, 2013 the Court filed a Memorandum and Order granting in part and denying in part Defendants' Motion to Dismiss the Amended Complaint.[1] The Court granted the motion as to Count I, alleging pregnancy discrimination in violation of Title VII of

---

[1] Doc. 55.

1

the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and the Pregnancy Discrimination Act ("PDA"). The Court denied Defendants' motion with respect to Count II, alleging retaliation under Title VII and the PDA. Count III alleged interference and retaliation under the Family Medical Leave Act ("FMLA"). The Court granted Defendants' motion to dismiss as to Count III with leave to amend to allege additional facts to support her claim that she was an eligible employee under the FMLA.

The instant motion seeks reconsideration and leave to amend as to the Court's dismissal of Count I only. In its July 2 Order, the Court considered whether Plaintiff had alleged sufficient facts in Count I of her Complaint under Fed. R. Civ. P. 12(b)(6). The Court explained that Plaintiff must "plausibly state that Plaintiff: (1) is a member of a protected class; (2) suffered an adverse employment action; (3) qualified for the position at issue; and (4) was treated less favorably than others not in the protected class."[2] The Court found that Plaintiff failed to allege facts showing Defendant treated her less favorably than similarly situated employees based on her gender and pregnancy. Therefore, the Court concluded that Plaintiff's Amended Complaint contained insufficient facts to give rise to a gender discrimination claim under Title VII.

## II.     Discussion

Plaintiff moves for reconsideration under Fed. R. Civ. P. 59(e). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to

---

[2]*Id.* at 13.

correct clear error or prevent manifest injustice.[3] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4] Plaintiff seeks reconsideration to correct clear error and prevent manifest injustice, arguing that the Court misstated the elements required to be alleged in a pregnancy discrimination claim.

Title VII of the Civil Rights Act of 1964 prohibits unlawful employment discrimination on the basis of sex.[5] Congress later passed the PDA, which amended the terms "because of sex" or "on the basis of sex" in the Title VII definitions, to include "pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes."[6]

A claim of discrimination based on pregnancy is analyzed in the same manner as any other discrimination claim under the Civil Rights Act.[7] Plaintiff must show intentional discrimination because of her pregnancy, childbirth, or related medical condition.[8] If a plaintiff relies on circumstantial evidence to support her claim, the discrimination claim is analyzed under the *McDonnell Douglas* burden-shifting framework.[9] Under the *McDonnell Douglas* framework, a plaintiff "bears the initial burden of establishing a prima facie case by a

---

[3]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[4]*Servants*, 204 F.3d at 1012.

[5]42 U.S.C. § 2000e-2(a)(1).

[6]*Id.* § 2000e(k).

[7]*E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000).

[8]*Id.*

[9]*See id.*

preponderance of the evidence."[10]  Establishing a prima facie case "raises a rebuttable presumption that the defendant unlawfully discriminated against her."[11]  The burden of production then shifts back to the defendant who must give a legitimate and nondiscriminatory reason for the defendant's actions.[12]

But *McDonnell Douglas* is an evidentiary standard, not a pleading standard.[13]  In *Swierkiewicz v. Sorema N.A.*, the Supreme Court explained that a prima facie case of discrimination "operates as a flexible evidentiary standard" and not a "rigid pleading standard."[14]  Therefore, the plaintiff need not have "adequately alleged a prima facie case" or "circumstances that support an inference of discrimination" in order to survive a motion to dismiss.[15]  In employment discrimination cases, plaintiffs "must satisfy only the simple requirements of Rule 8(a)."[16]  Therefore, the Complaint must provide "fair notice of the basis for [plaintiff's] claims,"[17] as that standard was further revised in *Twombly*.[18]  It is unnecessary to establish a prima facie case of discrimination at the pleadings stage.

---

[10]*Id.*

[11]*Id.*

[12]*Id.*

[13]*See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–11 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement. . . . This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").

[14]*Id.* at 512.

[15]*Id.* at 509.

[16]*Id.* at 513.

[17]*Id.* at 514.

[18]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007).

The Court agrees that it misstated the pleading requirement of Plaintiff's pregnancy discrimination claim in its July 2, 2013 Order. The Court relied on the Tenth Circuit's decision in *Khalik v. United Air Lines*,[19] to analyze the adequacy of Plaintiff's pregnancy discrimination claim under Title VII.[20] In *Khalik*, the court dismissed the plaintiff's FMLA retaliation claim under Rule 12(b)(6), providing an extensive analysis of the pleading standard for employment discrimination and retaliation claims under *Twombly*.[21] In its discussion, the court recited the elements that a plaintiff must prove to establish a prima facie case of discrimination and retaliation under Title VII and the FMLA.[22] The court was careful to note that under *Twombly*, the plaintiff is not required to "set forth a prima facie case for each element" to successfully plead her claim of discrimination.[23] Instead, she is only required to "set forth plausible claims."[24]

The court provided a list of the facts an employment discrimination plaintiff could reasonably be expected to know and allege to satisfy the plausibility requirement of *Twombly*: (1) who the plaintiff requested FMLA leave from and who denied her, (2) when the plaintiff

---

[19] 671 F.3d 1188 (10th Cir. 2012).

[20] In earlier cases, the Tenth Circuit has admitted that it has not been "entirely consistent" in its recitation of the fourth prong of the prima facie case of discrimination. *See Sorbo v. UPS*, 432 F.3d 1169, 1173 n. 4 (10th Cir. 2005) (stating that discrimination plaintiffs need not show that they were treated differently than similarly situated coworkers outside of the protected class, but noting that the court's own jurisprudence has not been entirely consistent in this regard); *Jaramillo v. Colorado Judicial Department*, 427 F.3d 1303, 1307 n. 1 (10th Cir. 2005) (noting inconsistency but declining to resolve the case on the basis of the adequacy of the prima facie case where the parties agreed plaintiff met her burden); *see also Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 n.4 (10th Cir. 2013) ("We note that the district court evaluated Ms. Tabor's prima facie case under an older, four-part test from the original *McDonnell Douglas*. We use a more recent variation of this test, a three-part test articulated by the Supreme Court in *Burdine*, which the Tenth Circuit expressly prefers."); *Cole v. Hawker Beechcraft Corp.*, 10-1282-JAR, 2011 WL 4809815, at *9 n.30 (D. Kan. Oct. 11, 2011) ("In the Tenth Circuit, the prima facie case no longer requires a "similarly-situated person" comparison.").

[21] *Khalik*, 671 F.3d at 1193–94.

[22] *Id.* at 1192.

[23] *Id.* at 1194.

[24] *Id.*

requested leave and for what purpose, (3) who she complained to about not receiving leave and when she was terminated, (4) how the defendant treated the plaintiff compared to similarly situated individuals, (5) why the reasons given by her employer for her termination were pretextual, (6) what made the plaintiff believe the defendant's actions were connected to discrimination, (7) who the plaintiff complained to about the discrimination, when she complained, and what the response was, and (8) who criticized the plaintiff's work, what was said, and how she responded to the criticism.[25] The court was clear that the plaintiff need not provide every fact listed, only that such claims required "some further detail for a claim to be plausible."[26]

The plaintiff in *Khalik* failed to allege any of the facts enumerated above. She did not provide context for her claims, facts stating when she complained about the discrimination or to whom, facts showing similarly situated employees were treated differently, or facts relating to the actual discrimination.[27] The court determined that her complaint provided "nothing other than sheer speculation" to link the actions of the defendant to any discriminatory motive.[28] After striking the plaintiff's conclusory allegations, the court determined that the plaintiff did not allege sufficient facts to give rise to a claim of discrimination.[29]

Here, Plaintiff has alleged much more detailed facts to support her pregnancy discrimination claim as compared to the facts alleged in *Khalik*. Plaintiff details Defendants'

---

[25]*Id.*

[26]*Id.*

[27]*Id.*

[28]*Id.*

[29]*Id.*

conduct towards her during her employment, when the discriminatory treatment began, the manner Plaintiff used to alert her supervisors to the discrimination, and Defendants' responses to her reports of discrimination. Plaintiff also alleges facts to support her claim that the attendance policy reason Defendants gave for her termination was pretextual. Plaintiff's complaint is not made up of purely conclusory allegations as in *Khalik*.

The Court erred when it required Plaintiff to allege that she was treated less favorably than similarly situated employees in order to state a plausible claim of pregnancy discrimination. Further, even if Plaintiff was required to allege facts in support of this element at the pleading stage, she has alleged facts in her proposed First Amended Complaint that she was treated less favorably by Defendants than similarly situated employees. Plaintiff alleged in her First Amended Complaint that "[o]ther non-pregnant employees were absent from work for medical issues (including intermittent absences) but, unlike Plaintiff, they were not criticized or terminated for missing such work."[30] In Plaintiff's proposed Third Amended Complaint, attached to her motion for reconsideration, she alleges facts providing even more detail about these similarly situated employees, including the name of one of these employees.[31] The Court grants Plaintiff leave to file the proposed Third Amended Complaint and reassert Count I for pregnancy discrimination under Title VII and the PDA.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration or an Alternative Motion for Leave to Amend (Doc. 56) is GRANTED. Plaintiff shall file her proposed Third Amended Complaint within ten (10) days.

**IT IS SO ORDERED**.

---

[30] Doc. 16 at 7.

[31] Doc. 58 at 7.

Dated: March 18, 2014

                                                S/ Julie A. Robinson

                                                JULIE A. ROBINSON

                                                UNITED STATES DISTRICT JUDGE